FILED
2023 MAR 9 AM 10:45
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CARI ALLEN,<br><br>　　　　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | ORDER GRANTING IFP, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSAL<br><br>Case No. 1:23-cv-00006-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Pro se Plaintiff Cari Allen (Plaintiff) has consented to the undersigned conducting all proceedings (ECF 15). 28 U.S.C. § 636(c). Before the court is Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. § 1915 (commonly called proceeding in forma pauperis or IFP) (IFP Motion) (ECF 1) and Sealed Motion for Appointment of Counsel (Motion to Appoint Counsel) (ECF 5). The Motion to Appoint Counsel also requests an immediate hearing (ECF 5 at 1). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). Independent of Plaintiff's application, and pursuant to Local Rule 3-2(b), the undersigned hereby dismisses the Complaint as frivolous and failing to state a claim upon which relief may be granted.[1] The court also denies the Motion to Appoint Counsel (ECF 5).

I.　**IFP Motion**

Plaintiff asks the court for leave to proceed with this action without paying the required filing fee and other costs associated with litigation. The court may grant the plaintiff's request if

---

[1] Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

he or she submits an affidavit describing their assets and the court finds that he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation and still "be able to provide [herself and her dependents] with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations emitted). As part of its evaluation under the statute, the court must also consider the viability of his claims. If the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Plaintiff's IFP Motion, the court finds she lacks the resources to pay the costs associated with this litigation. Therefore, the court hereby GRANTS Plaintiff's IFP Motion.

**II.     The Complaint is frivolous and fails to state a claim upon which relief may be granted.**

On receipt of an IFP application, the court may review the complaint and dismiss the action pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(b). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id. See also, Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless" a classification encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Plaintiff's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

Plaintiff's pleading contains a host of unsupported accusations. Despite the Complaint being difficult to understand, these include causes of action for "human rights," "real life human torture," and "real life experiments." (ECF 2 at 1). These are not cognizable claims for relief. Furthermore, the Complaint centers these baseless assertions of violations of rights without any intelligible, factual allegations supporting the claims. Plaintiff also fails to indicate the nature of her suit, and the court is unable to decipher under which causes of action, if any, Plaintiff brings suit. Additionally, Plaintiff's Complaint fails to provide any factual allegations that allow the court to reasonably infer that Defendant United States of America is liable for any misconduct.

For these reasons, the court ORDERS that Plaintiff's Complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

### III. Motion to Appoint Counsel

28 U.S.C. § 1915(e)(1) allows a court to "request" an attorney to represent an indigent party if the party cannot obtain counsel and the party applies for the appointment of counsel. A court has discretion under § 1915(e)(1) to appoint counsel or not. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant must convince the court that her claim has enough merit to justify the appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court considers these factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Here, Plaintiff fails to address the factors the court considers in appointing counsel. Additionally, having decided the claims in the Complaint are unsupported, the court finds that Plaintiff has not met her burden to persuade the court that her claim has enough merit to justify the court appointing counsel for her. Accordingly, the court DENIES the Motion to Appoint Counsel.

### ORDER

For the reasons above, the court GRANTS the IFP Motion (ECF 1) and DENIES the Motion to Appoint Counsel (ECF 5). In addition, consistent with DUCivR 3-2(b) and under § 1915(e), the undersigned DISMISSES Plaintiff's Complaint as frivolous and for failing to state a claim upon which relief may be granted.

DATED this 9 March 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah